[No. 18527.   Department Two.   April 9, 1925.]

A. WEISSENBORN, *doing business under the name and style of A. Weissenborn Decorating Company, Appellant,* v. VICTORIA INVESTMENT COMPANY *et al., Respondent.*[1]

COMPROMISE AND SETTLEMENT (9)—EVIDENCE—SUFFICIENCY. Where there were many serious disagreements over the completion of a building on which the work had been going on for over a year, there was a situation reasonably calling for an attempt to make a compromise agreement, justifying a finding, on conflicting evidence, that a compromise agreement had been made.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered September 28, 1923,

[1]Reported in 234 Pac. 1119.

in favor of the defendant, dismissing an action to foreclose a mechanics' lien, tried to the court. Affirmed.

*Earl G. Rice,* for appellant.

*Bronson, Robinson & Jones,* for respondent.

MITCHELL, J.—This is an appeal from a judgment of dismissal in a lien foreclosure suit. The appellant, as a subcontractor, furnished material and services in painting and decorating in the construction and building of the Victoria Apartments, the property of the respondent in the city of Seattle. The complaint in foreclosure of the lien in the sum of $1,301.11 is in the usual form. The answer contains appropriate general denials, together with a first affirmative defense. The substance of the first affirmative defense is that, in the prosecution of the work, differences arose between the appellant, the original contractor and the respondent, whereupon a compromise agreement was entered into whereby in consideration of $1,152 over and above payments the appellant had already received, he agreed "that he would immediately proceed to complete the painting, re-painting, finishing and re-finishing work necessary to complete the building ready for occupancy;" that thereupon the appellant proceeded with the work under such agreement and afterwards reported that he had completed it; that the appellant had been paid thereon the sum of $1,138; that, as a matter of fact, he had not completed the work by an amount largely in excess of the difference between the amount agreed to be paid and the amount that had been paid. The appellant denied the alleged compromise agreement.

In the brief on behalf of the appellant it is stated that the trial court in deciding the case said:

"I am satisfied that the defendant sustained the burden of proof on the first affirmative defense. It is true

that Mr. Weissenborn testified that no agreement of settlement was made and that Mr. Graham testified exactly to the contrary. There are circumstances corroborating Mr. Graham's version of the transaction which, in my judgment, give the defendant the preponderance of the evidence on that point."

The abstract furnished by the appellant of the trial proceedings shows the same thing as to the judge's views.

The greater part of the testimony relates to matters other than that of the alleged compromise agreement, which has been considered to ascertain if there existed a situation which reasonably called for an attempt to make such an agreement. Such a situation was shown to exist. The work had been going on for nearly a year with delays the responsibility for which each charged the other. There were many serious disagreements and misunderstandings, easily arising because the appellant as a subcontractor was dealing with the original contractor, who in turn accounted to the respondent, the owner, which latter was represented on the job by a superintendent who, under a very strict written contract binding on all the parties, had very limited powers. The question of good faith of the parties is not necessarily involved. Disagreements did exist.

As to the question of whether or not the first affirmative defense was sustained by a preponderance of the evidence, a consideration of the proof shows that, while there was a conflict in it, both direct and circumstantial, it nevertheless justifies and sustains the conclusion and decision of the trial court.

Affirmed.

FULLERTON, MAIN, HOLCOMB, and MACKINTOSH, JJ., concur.